UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GINA M. ALONGI, as she is ADMINISTRATOR,
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 4 HEALTH AND WELFARE,
PENSION, ANNUITY AND SAVINGS FUNDS,
LABOR-MANAGEMENT COOPERATION TRUST, and
HOISTING AND PORTABLE ENGINEERS LOCAL 4
APPRENTICE AND TRAINING FUND; and
INTERNATIONAL UNION OF OPERATING
ENGINEERS NATIONAL TRAINING FUND,                C.A. No.
            Plaintiffs,

vs.

NASDI, LLC, and ARTHUR M. DORE,
            Defendants.

**VERIFIED COMPLAINT FOR DELINQUENT
FRINGE BENEFIT CONTRIBUTIONS**

**NATURE OF ACTION**

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to make contributions under the terms of a collective bargaining agreement and the plans.

**JURISDICTION**

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5. Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund. This Fund provides participant-directed individual accounts including a 401(k). The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6. Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. This Fund trains apprentices and journey workers on the construction industry. The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1).  The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust.  This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9).  The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8. Plaintiff International Union of Operating Engineers National Training Fund trains apprentices and journey workers on the construction industry at a national level.  The National Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 1125 17th Street, NW Washington, DC 20036.

9. The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds, as well as the National Training Fund, are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."

10. Defendant NASDI, LLC ("NASDI") is a foreign limited liability company, organized under the laws of the State of Delaware, with a principal place of business of 39 Olympia Avenue, Woburn, Massachusetts 01801.  NASDI's registered agent for service is Incorp Services, Inc. at 44 School Street, Suite 505, Boston, Massachusetts 02108.  NASDI is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

11. Defendant Arthur M. Dore is an individual who, upon information and belief, is the manager of NASDI, with an address of 39 Olympia Avenue, Woburn, Massachusetts 01801.

Upon information and belief, Mr. Dore exercises control and discretion over the payroll of NASDI, including any and all decisions regarding incurring and paying amounts due the Funds. As such, Mr. Dore is a fiduciary to the Plaintiff Funds.

## GENERAL ALLEGATIONS OF FACT

12. On or about June 10, 2009, Defendant NASDI agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements. A copy of Atlas's signed agreement ("Standard Short Form Agreement") is attached hereto as Exhibit A.

13. Because of the Short Form Agreement, Defendant NASDI is a party to a collective bargaining agreement with the International Union of Operating Engineers Local 4 that is effective for the period from June 1, 2018 through May 31, 2022, as well as any predecessor agreements ("the CBA"). A copy of the June 1, 2018-May 31, 2022 CBA is attached hereto as Exhibit B.

14. The CBA requires NASDI to make contributions to Plaintiff Funds for each payroll hour for each person covered by the CBA and to pay interest on late payments at the rate of one (1%) percent per month. Interest on late employee elective deferral payments to the Annuity and Savings Fund are assessed in accordance with rules and regulations of the U.S. Department of Labor.

15. Pursuant to the CBA, employers are also obligated to deduct from wages and remit a negotiated percentage of the gross wage package for union dues. If employees so elect, the employer is also obligated to deduct money from wages and pay to the Social Action Committee ("SAC"). If employees so elect, the employer is also obligated to withhold an

amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.

16. Upon information and belief, Defendant NASDI has performed work under the CBA but has failed to remit any of the contributions, dues and SAC deductions due for the work months of January through March 2020, as well as 401(k) withholdings due for the work months of February and March 2020. The amounts owed are unliquidated to date because the Defendants have failed to submit remittance reports on which they are charged with delineating payroll hours for each of their covered employees for the months at issue.

17. NASDI also owes interest on prior late payments totaling $632.75 to date.

18. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

19. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-18 supra.

20. The failure of Defendant NASDI to make contributions on behalf of all covered employees as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

21. Absent an order from this Court, Defendant NASDI will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

22. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 supra.

23. The failure of Defendant NASDI to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

24. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 supra.

25. The failure of Defendant NASDI to remit the dues and SAC contributions it deducted from its employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

### COUNT IV – BREACH OF FIDUCIARY DUTY BY DEFENDANT ARTHUR M. DORE

26. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-25 supra.

27. On information and belief, Defendant Arthur M. Dore deducted monies from employees' wages but failed to pay those monies to the Funds. When NASDI's employees elected to defer a portion of their pre-tax wages into the Annuity and Savings 401(k) Fund, these deferred wages became plan assets within the meaning of 29 C.F.R. 2510.3-102. By exercising dominion and control over these plan assets, Defendant Arthur M. Dore is a fiduciary within the meaning of §3(21) of ERISA, 29 U.S.C. §1002(21).

28. By retaining those plan assets and, upon information and belief, converting those plan assets to the use of himself and/or others, Defendant Arthur M. Dore breached his fiduciary

duties to the Plaintiff Funds in violation of Sections 404 and 409 of ERISA, 29 U.S.C. §§1104, 1109.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.  Order the attachment of the machinery, inventory, and accounts receivable of the Defendants;

b.  Order the attachment of real estate standing in the name of the Defendants;

c.  Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to make contributions to Plaintiff Funds;

d.  Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to remit dues and SAC contributions;

e.  Enter judgment in favor of the Plaintiff Funds in an as-yet unliquidated amount, representing contributions for the months of January through March 2020 and interest owed on late-paid contributions to date, together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action;

f.  Enter judgment in favor of the Plaintiff Funds on Count IV in an as-yet unliquidated amount, representing 401(k) withholdings that are plan assets of the Annuity and Savings 401(k) Fund and are being held by Defendant Arthur M. Dore in his capacity as a fiduciary to the Fund, along lost earnings and interest owed thereon pursuant to federal law,

along with any further amounts that have come due or may come due during the pendency of this action; and

    g.    Such further and other relief as this Court deems appropriate.

Respectfully submitted,

GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorney,

/s/Gregory A. Geiman_____
Gregory A. Geiman, Esq.
BBO #655207
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA  02053
(508) 533-1400 x140
ggeiman@local4funds.org

Dated:  April 24, 2020

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF APRIL, 2020.

/s/Gina M. Alongi_____
Gina M. Alongi