UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON, MA

CIVIL ACTION NO:        1-20-cv-10797

.

| | |
|---|---|
| Gina Alongi, in her capacity as Administrator for | ) |
| International Union of Operating Engineers, | ) |
| Local 4  Health and Welfare, Pension, Annuity and | ) |
| Savings Funds, Labor-Management Cooperation | ) |
| Trust  and  Hoisting and Portable Engineers Local 4 | ) |
| Apprentice and Training Fund and International | ) |
| Union of Operating Engineers National Training | ) |
| Fund | ) |

Plaintiffs,

v.

NASDI, LLC                    )
And                           )
Arthur M. Dore)

Defendants.

## DEFENDANT(S)'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

1. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10, except to the extent that a legal conclusion is required and also as relates to the Defendants' address which has been changed.

11. Defendant is unable to admit or deny the allegations contained in Paragraph 11 to the extent that they refer to privileged information and to the extent that a legal conclusion is required.

## General Allegations of Fact

12. Defendant admits the allegations contained in Paragraph 12 to the best of their knowledge, information and belief.

13. Defendant admits the allegations contained in Paragraph 13 to the best of their knowledge, information and belief.

14. Defendant admits the allegations contained in Paragraph 14 to the best of their knowledge, information and belief.

15. Defendant admits the allegations contained in Paragraph 15 to the best of their knowledge, information and belief.

16. Defendant denies the allegations contained in Paragraph 16 and states further that a payment was made shortly after this lawsuit was filed.

17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18.

19.

20. Defendant(s) admits the allegations contained in Paragraph 6 of Plaintiff's Complaint but states further that Strong Arm Iron Workers has been dissolved on or before 6/30/2019.

7. Paragraph 7 appears to be a legal conclusion but to the extent that Paragraph 7 requires a response, Defendants are without sufficient information to admit or deny.

8. Paragraph 8 appears to be a legal conclusion but to the extent that Paragraph 8 requires a response, Defendants are without sufficient information to admit or deny.

9. Defendant(s) admits the allegations contained in Paragraph 9 to the best of their knowledge, information and belief.

10. Defendant(s) admits the allegations contained in Paragraph 10 to the best of their knowledge, information and belief.

11. Paragraph 11 does not require a response as it calls for a conclusion of law.

12. Defendant(s) admits the allegations contained in Paragraph 12 to the best of their knowledge, information and belief.

13. Defendant(s) admits the allegations contained in Paragraph 13 to the best of their knowledge, information and belief.

14. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant(s) is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant(s) admits the allegations contained in Paragraph 16 to the best of their knowledge information and belief.

17. Defendant(s) are without sufficient information to admit or deny the allegation contained in Paragraph 17.

18. Defendant(s) are without sufficient information to admit or deny the allegations contained in Paragraph 18.

### COUNT I Violation of ERISA-Delinquent Contributions

19. The Defendant(s) restate and incorporate herein by reference responsive paragraphs 1-18 of this Answer.
20. Paragraph 20 calls for a legal conclusion and a response is not required.

21. Defendant(s) deny the allegations contained in Paragraph 21.

### Count II Violation of CBA

22. The Defendant(s) restate and incorporate herein by reference responsive paragraphs 1-21 of this Answer.

23. Paragraph 23 appears to be a conclusion of law to which response is not required.

### Count III Violation of CBA

24. The Defendant(s) restate and incorporate herein by reference responsive paragraphs 1-23 of this Answer.

25. Paragraph 25 appears to be a conclusion of law to which response is not required.

### Count IV Breach of Fiduciary Duty

26. The Defendant(s) restate and incorporate herein by reference responsive paragraphs 1-25,

27. Defendant(s) are unable to answer the allegations contained in paragraph 27 due to privilege and to the extent that they call for a legal conclusion.

28. Defendant(s) are unable to answer the allegations contained in Paragraph 28 due to privilege and to the extent that they call for a legal conclusion.

WHEREFORE, the Defendant(s), respectfully requests that this Honorable Court dismiss Plaintiff's Complaint and find judgment in their favor together with attorneys' fees, costs and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant(s) says that the Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant(s) says that the Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Defendant(s) says that there is insufficient service of process.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant(s) says that the Plaintiff's claims are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant(s) says that the Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant(s) says that Plaintiff's claims are unenforceable due to duress.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant(s) says that Plaintiff's claims are unenforceable due to failure of consideration.

Wherefore, the Defendant(s) demands that the Plaintiff's complaint be dismissed with prejudice and judgment entered in favor of the Defendant(s) with costs and attorney's fees for this action.

### Defendants' Counterclaims

### Count 1
### Breach of Implied Covenant of Good Faith and Fair Dealing

29. On or about April 22, 2020, Plaintiffs notified Defendants by email that they would defer filing this lawsuit until the close of business on April 24, 2020 (Friday) to allow for Defendants to make payment.

30. Instead, Plaintiffs notified Defendants on the morning of Friday, 4/24/2020 that the complaint had already been filed. It should also be noted that despite Plaintiff having already filed the within complaint, Defendants, in good faith, still made their payment as soon as possible on Tuesday, 4/28/2020.

31. Defendants' allege that this failure to honor their promise of forbearance when payment was forthcoming was a breach of the implied covenant of good faith and fair dealing.

### Count 2
### Interference with Advantageous Business Relationship

32. On or about April 24, 2020, Plaintiffs, through counsel, notified at least two of Defendants' general contractors that NASDI was behind in their payments.

33. This action was unnecessary in light of the forthcoming payment and resulted in embarrassment and possible loss of future business for NASDI.

**The Defendants demand trial by jury on all claims, defenses and counterclaims so triable.**

                                        Respectfully submitted,
Defendant(s)
NASDI LLC
And Arthur M. Dore
By their Attorney,
Megan M. Dart
704 Washington St #146
South Easton, MA 02375
#679812
617.653.9773
Megan.dart@gmail.com

/S/MEGAN DART_____

DATED 8-6-2020

CERTIFICATE OF SERVICE

A true copy of this Answer is sent this day to Greg Gelman, Attorney for Plaintiff by Electronic Notice.